IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TRACY ANDRE FORD                                                                PETITIONER

V.                              4:07CR00086-12
                                4:11CV000347

UNITED STATES OF AMERICA                                                        RESPONDENT

## ORDER

On April 4, 2007, Petitioner was indicted in Counts 1 and 35 of a 59 Count Indictment. Count 1 charged Mr. Ford with conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, violations of 21 U.S.C. §§ 841 and 846. Count 35 charged Mr. Ford with use of a communication facility to facilitate drug transactions, a violation of 21 U.S.C. § 843(b). The indictment included charges of drug distribution and use of a communication facility against a total of 31 defendants. On June 21, 2007, Mr. Ford appeared with his retained attorney, Alvin Clay, before the Honorable James M. Moody. Pursuant to a written plea agreement, Mr. Ford pled guilty to count one of the indictment. The remaining count was dismissed upon motion of the Assistant U.S. Attorney. The parties stipulated to: a base offense level of 34; 30 kilograms of cocaine; a two-level enhancement for possessing three pistols found at his house; a three-level enhancement for role; forfeiture of the three pistols; one set of body armor; $67,651 in cash; a BMW; a 2001 Chevrolet pick-up truck; and a two-level reduction for acceptance of responsibility. On January 11, 2008, the Court sentenced the Petitioner to 262 months imprisonment, five years supervised release, and a $100 special assessment. Judgment was entered on January 16, 2008. On May 20, 2009, the Court reduced the sentence pursuant to a Rule 35 motion to a term of imprisonment of 210 months. Petitioner

did not file a direct appeal.

On January 18, 2011, Petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 arguing that he was denied effective assistance of counsel.  The government responded on July 25, 2011.  Before analyzing Petitioner's claims for habeas relief, the Court must address Respondent's threshold argument that this habeas action was filed outside of the applicable statute of limitations.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2255 have an explicit one-year statute of limitations.  The one-year period of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

Judgment was entered in this matter on January 16, 2008.  The pending motion was filed January 18, 2011.  Petitioner argues that his petition is timely because he filed his petition within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).  Petitioner contends that from October 2010 through November 23, 2010, he received information that in 2004, his attorney, Alvin D. Clay had been indicted for wire fraud and money laundering in the Eastern District of Arkansas and that on March 16, 2007, Mr. Clay's law license was revoked.  Petitioner alleges that he filed his petition within one year of discovering this information.

Petitioner claims that his counsel was constitutionally ineffective at his plea proceeding because he suffered from a conflict of interest and was not licensed to practice law at the time[1].

The Court concludes that Petitioner filed his federal habeas petition outside the one-year statute of limitations found in 28 U.S.C. § 2255. "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), [the Eighth Circuit Court of Appeals has] said that a petitioner 'must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact.'" *Anjulo-Lopez v. United States*, 541 F. 3d 814, 817 (8th Cir. 2008). Petitioner claims that he became aware of Mr. Clay's federal indictment in October 2010. However, his affidavit reflects that on or about June 6, 2008, his wife sent him a copy of a newspaper containing an article about Mr. Clay being found guilty of certain criminal charges. Mr. Clay was first indicted on December 18, 2004, well before Petitioner hired him to represent him in this criminal matter. That indictment was a public record and was commonly known in the community. The Court finds that with the exercise of due diligence Petitioner could have discovered all the facts necessary to file his section 2255 petition well before October 2010. Because Petitioner is has not demonstrated entitlement to the statute of limitations contained in Section 2255(f)(4), Petitioner's section 2255 petition should have been filed on or before January 31, 2009. Petitioner's petition was filed almost two years after the expiration of the statute of limitations.

The Court concludes that an evidentiary hearing is not required in this matter. The

---

[1] Court records reflect that Mr. Clay's license was suspended for CLE non-compliance on March 16, 2007, that suspension was stayed on March 22, 2007 and his license was reinstated on July 18, 2007. Mr. Clay's license was again suspended for CLE non-compliance on November 15, 2007, that suspension was stayed on December 7, 2007 and his license was reinstated on April 21, 2008. This information is a matter of public record. Mr. Clay was authorized to practice law in federal court at the time of Petitioner's plea and sentence.

record conclusively shows that Petitioner is not entitled to the relief he seeks.  *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

For the reasons stated above, petitioner's motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255(docket #783) and for Evidentiary Hearing (docket # 831) are denied.

IT IS SO ORDERED this 25th day of June, 2012.

_____
James M. Moody
United States District Judge